Pearson, C. J.
 

 Assuming that the recital of the fact, that the title of the bargainor was derived from John McAlister, is a sufficient reference to the deed of 1813, to constitute it a part of the deed of 1829, for the purpose of construction, according to
 
 Ritter
 
 v.
 
 Barrett,
 
 4 Dev. and Bat. 133, and assuming also, that the legal effect of the deed of 1813, was to vest in Sarah McAlister, the absolute estate, and not an estate for life only, as is admitted on both sides, it would be a matter of regret, if the legal effect of the deed of 1829, is to pass to John McAlister, the absolute estate; for it is manifest, that at the time Sarah McAlister executed the deed, she supposed she was entitled only to a life-estate. That was all she was paid for, and all she thought she was selling, and if more passed, she has not been paid for it, and John McAlister got more than he bargained for.
 

 After giving to the very interesting and ingenious argument of Mr. Winston, full consideration, the Court is of opinion that the legal effect of the deed of 1829, is to xoass only an estate for the life of Sarah McAlister. The substance is, “ I am entitled to a life-estate, under the deed of 1813, executed to me by John McAlister,
 
 which
 
 right and title, I hereby convey to him for value received.” “ Which,” as a relative pronoun, refers to the
 
 life-time
 
 estate, and restricts the operation of the deed to it. Had general terms been used, e. g. “ 1 sell the negroes” or “ all my estate” or “ all my right and title,” there is no doubt that the absolute estate would have
 
 *334
 
 passed, although she supposed she had a life-estate only, and intended to sell no more than she thought she had a right to sell. Thus the use of a simple term, with a single eye to the object in view, has saved to her the benefit of the fact that, without knowing it, she was, in truth, the absolute owner of the slaves.
 

 It was said in the. argument that to sell an estate for one’s own life, leaving the ulterior interest undisposed of, when, of course, the price must be very small, is so contrary to the ordinary course of dealing, that the Court ought to be slow to admit such a construction. True! but the force of the suggestion is met, and made to recoil, if, in point of fact, the vendor believes he has only an estate for his own life; for then, supposing the slaves to consist of a woman and two young children, it is reasonable for the tenant for life to be willing to sell for a low price, and get rid of the charge. That such was the belief of the vendor in our case, is set forth in the very first clause of the deed.
 

 Yielding the question as to the woman, Mr. Winston insisted that a different construction should be made in respect to the children. The distinction is not tenable. The disposition of the children is made by the words “
 
 and
 
 her two children also.” Two conjunctions are used. The word “also” is added to express the meaning more distinctly, that the children are to pass as well as the mother, and in like manner. There is no error.
 

 Nee CueiAM, Judgment affirmed.